UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GUILLERMO PENA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00228 |
| | § | |
| WAYPOINT MARINE, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### *AMENDED* MEMORANDUM AND RECOMMENDATION

Plaintiff Guillermo Pena filed suit against Defendants Waypoint Marine, Inc. ("Waypoint"), and Uflex USA, Inc. ("Uflex"), in Texas state court, and Uflex removed the case to federal court based on general maritime law. (D.E. 1). Pena alleges that Waypoint negligently repaired the steering system on his boat and that Uflex marketed and sold a defective steering system, which resulted in a steering malfunction while operating the boat that caused Pena to fall overboard and suffer serious physical injuries and damages. (D.E. 1-8 at 2-4). Uflex has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), contending that this court lacks personal jurisdiction over it. (D.E. 3). For the reasons discussed further below, it is recommended that Uflex's motion to dismiss be **DENIED**.

### I.   BACKGROUND

Pena initially filed suit against Waypoint in Texas state court in July 2021. (D.E. 1-5). On July 7, 2022, Pena filed a second amended complaint in state court, adding Uflex

Case 2:22-cv-00228   Document 15   Filed on 01/25/23 in TXSD   Page 2 of 13

as a defendant.  (D.E. 1-8 at 1).  In the second amended complaint, Pena alleges that he was operating a boat in August 2020 when the hydraulic steering system, manufactured by Uflex, malfunctioned.  (*Id.* at 2).  Twelve months prior to the malfunction, Waypoint repaired the steering system, but improperly repaired or installed critical steering components.  As a result of the malfunction, Pena lost control of the boat and fell overboard, suffering serious injuries.  (*Id.*).  Pena raises a claim of negligence against Waypoint, alleging that it negligently installed the steering system in violation of the proper guidelines, instructions, and methods, and thereby proximately caused his injuries.  (*Id.* at 2-3).  Pena raises three claims against Uflex, specifically that: (1) Uflex failed to provide a proper warning or instructions regarding the installation and repair of the hydraulic steering; (2) the steering system was defectively marketed because the instructions did not give accurate installation and repair requirements; and (3) the steering system was manufactured defectively, causing a critical bolt to fail under normal operating conditions.  (*Id.* at 3-4).  Pena seeks to recover damages.  (*Id.* at 4-5).

On September 22, 2022, Uflex filed an answer in state court.  (D.E. 1-9).  The answer did not indicate that Uflex had any objection to personal jurisdiction.  (*See id.* at 1-7).  It did, however, state that Uflex "specially except[ed]" to the complaint to the extent Pena failed to: (1) "identify the product Plaintiff intends to litigate;" and (2) "plead that the product was in a defective condition at the time it left the hands of Defendant."  (*Id.* at 1).

On October 5, 2022, Uflex removed the case pursuant to this court's admiralty jurisdiction. (D.E. 1). In the notice of removal, Uflex noted that it filed an answer in state court. (*Id.* at 2).

## II.   DISCUSSION

### a.   *Motion to Dismiss Standard*

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action where the court lacks personal jurisdiction over a defendant. The plaintiff has the burden of establishing jurisdiction. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). The plaintiff may meet this burden with *prima facie* evidence. *Id.* In determining whether the plaintiff has presented a *prima facia* case of personal jurisdiction, the court "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.* (alteration in original omitted) (internal quotation marks and citation omitted).

A federal court may exercise personal jurisdiction over a non-resident defendant if "the forum state's long-arm statute extends to [such] defendant and the exercise of jurisdiction comports with due process." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). Since "the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

To satisfy due process requirements, a plaintiff must establish that the non-resident defendant "purposely availed himself of the benefits and protections of the forum state by

3

establishing minimum contacts with the state" and that "the exercise of jurisdiction [ ] does

not offend traditional notions of fair play and substantial justice."  *Id.* (internal quotation

marks and citations omitted).  A court can have either general jurisdiction or specific

jurisdiction over a defendant.  *Id.*  General jurisdiction "requires continuous and systematic

forum contacts and allows for jurisdiction over all claims against the defendant, no matter

their connection to the forum."  *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant

Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018) (internal quotation marks and citation

omitted).  In contrast, specific jurisdiction is premised on a connection between the suit

and the forum.  *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*,

137 S. Ct. 1773, 1780 (2017).

The Fifth Circuit applies the following three-factor test to determine whether due

process allows the exercise of specific jurisdiction: (1) whether the defendant creates

minimum contacts with the forum state by purposely directing its activities toward the

forum state or purposefully availing itself of the privileges of conducting activities there;

(2) whether the plaintiff's cause of action arises out of or results from the defendant's

forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and

reasonable.  *Carmona*, 924 F.3d at 193.  If the plaintiff establishes the first two prongs, the

burden shifts to the defendant to make a compelling case that the assertion of jurisdiction

is not fair or reasonable.  *Id.*

The minimum-contacts inquiry is focused on contacts the defendant itself makes

with the forum state and cannot be based on contacts between the plaintiff or a third party

and the forum state.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  In the context of products-liability cases, the Fifth Circuit utilizes a stream-of-commerce analysis to determine whether the defendant has minimum contacts with the forum.  *Zoch v. Magna Seating (Germany) GmbH*, 810 Fed. App'x 285, 289 (5th Cir. 2020) (unpublished).  In the Fifth Circuit, the stream-of-commerce doctrine is satisfied if the court determines that the defendant "delivered the product into the stream of commerce with the expectation that it would be purchased or used by consumers in the forum state."  *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).

"Before removing to federal court, a defendant may lose his right to challenge personal jurisdiction if he has taken any action in the state court that under state law would waive that right."  *Plantbikes, LLC v. Bike Nation, Inc.*, No. 2:13-CV-108, 2013 WL 3753949, at *3 (S.D. Tex. July 15, 2013) (citing *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988)).  "Whether Defendants' actions before removal waived their objection to personal jurisdiction is resolved under Texas law because state rules and procedures control until removal."  *Id.*  "Upon removal, a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of [the Federal Rules]."  *Nationwide*, 837 F.2d at 347-48.

Under Texas law, a special appearance challenging personal jurisdiction "shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading,

or motion may be contained in the same instrument or filed subsequent thereto without

waiver of such special appearance; and may be amended to cure defects." Tex. R. Civ. P.

120a(1). Subject to certain exceptions not applicable here, "[e]very appearance, prior to

judgment, not in compliance with this rule is a general appearance." As stated in

*Plantbikes*:

> Texas law distinguishes between a special and a general appearance by a
> nonresident defendant. A special appearance may be filed "prior to motion
> to transfer venue or any other plea, pleading or motion." Tex. R. Civ. P.
> 120a(1). … By filing a general appearance in Texas state court, a nonresident
> defendant submits to the exercise of personal jurisdiction by the Texas court.
> *Morris v. Morris*, 894 S.W.2d 859, 862 (Tex.App.-Fort Worth 1995, no writ).

*Plantbikes*, 2013 WL 3753949, at \*3. "Once a party enters an appearance by filing an

answer without challenging jurisdiction, he is before the court for all purposes." *Morris*,

894 S.W.2d at 862.

In *Dawson-Austin v. Austin*, the respondent "filed *pro se* a single instrument

including a special appearance, a motion to quash service of citation, a plea to the

jurisdiction of the court, a plea in abatement, and subject to all of the above, an original

answer." 968 S.W. 2d 319, 321 (Tex. 1998). "Only the answer was expressly made subject

to the special appearance; the motion and pleas were not. The instrument contained a

verification of the facts and allegations stated in each component of the instrument except

the special appearance." The respondent contended "that the failure to include the special

appearance in the verification was a typographical error," but the district court nonetheless

overruled the special appearance because it was not sworn as required by Texas Rule of

Civil Procedure 120a(1) and only the answer was expressly made subject to the special

appearance. *Id.* The Texas Supreme Court held that the absence of a verification was a defect in the special appearance that could be cured under Rule 120a(1), and that the district court's overruling of the special appearance on that basis was improper. *Id.* at 322. Similarly, the Texas Supreme Court rejected the idea that the other filings by the respondent qualified as a general appearance because Rule 120a expressly provides that any filing made at the same time as or subsequent to a special appearance does not waive the special appearance. *Id.* at 322.

In *Exito*, the Texas Supreme Court applied the *Dawson-Austin* framework and concluded that an agreement under Texas Rule of Civil Procedure 11 and participation in a discovery process related to a special appearance did not qualify as a general appearance. *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 305-07 (Tex. 2004). The Court noted that "a party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Id.* at 304.

   b.   *Analysis*

In the motion to dismiss, Uflex argues that this court lacks personal jurisdiction over it. (D.E. 3 at 2). Specifically, Uflex argues that it does not have minimum contacts with Texas. (*Id.* at 3). Uflex contends that Pena has not alleged anything that would give this court specific or general jurisdiction over it because he has not alleged that Uflex: (1) does business in Texas; (2) entered into any contract with Pena; (3) has a place of business in Texas; or (4) has taken any other action that would put it on notice that it would be subject

to the jurisdiction of a Texas court.  (*Id.* at 4).   Instead, Uflex asserts that the only

connection Pena's complaint makes between Uflex and Texas is that Uflex purportedly

manufactured something that malfunctioned in Texas, which is insufficient.  (*Id.* at 4-5).

Accordingly, Uflex argues that this court's exercise of personal jurisdiction would offend

traditional notions of fair play and substantial justice and be inconsistent with the

constitutional requirements of due process.  (*Id.* at 5).

Pena responds that Uflex waived any objection to personal jurisdiction when it filed

a general answer in state court.  (D.E. 7 at 3-4).  Pena argues that Uflex was required to file

a special appearance challenging personal jurisdiction before it filed a general denial.  (*Id.*).

Alternatively, if Uflex has not waived its challenge to personal jurisdiction, Pena contends

that the court should order limited jurisdictional discovery.  (*Id.* at 4-6).

Uflex replies[1] that it did not waive its personal jurisdiction defense under Texas law,

citing *Dawson-Austin* and *Exito*.  (D.E. 13 at 3-4).  Uflex argues that its answer did include

special exceptions that challenged whether the action was properly pending.  (*Id.* at 4).

Specifically, Uflex contends that it challenged Pena's complaint because he failed to

identify the supposed product that he intended to litigate.  (*Id.* at 4-5).  Moreover, Uflex

contends that it did not waive its personal jurisdiction defense under federal law because it

---

[1] Notably, Uflex filed its reply over two months after the deadline for reply briefs. Local Rule 7.4(e).  Uflex has given no explanation for this delay.  However, because Uflex's motion and reply challenge this Court's jurisdiction, and Pena did not object when Uflex indicated its intention to file a reply at the initial pretrial conference, this memorandum will nonetheless address the arguments in the reply.

did not intentionally relinquish a known right where it timely filed its motion to dismiss. (*Id.* at 5-7).

Here, Uflex waived its personal jurisdiction argument when it filed an answer in state court without first, or contemporaneously, making a special appearance to challenge personal jurisdiction. Uflex filed a general answer to Pena's complaint on September 22, 2022. (D.E. 1-9). This filing gave no indication that it was a special appearance and did not challenge personal jurisdiction. (*See id.*). Once Uflex filed an answer without challenging personal jurisdiction, it was before the court for all purposes. *Morris*, 894 S.W.2d at 862. The fact that Uflex subsequently removed to federal court does not provide it with a second chance to challenge personal jurisdiction when it already waived that right in state court. *Plantbikes*, 2013 WL 3753949, at *3.

*Dawson-Austin* and *Exito* are not analogous to this case. In *Dawson-Austin*, the respondent made a technical error that could be cured—the failure to file the special appearance as a sworn motion—but otherwise followed all the requirements of Rule 120a(1) by first filing a special appearance. *Dawson-Austin*, 968 S.W.2d at 319, 321-22. In *Exito*, the defendant filed a Rule 11 agreed motion for an extension to file a special appearance and participated in discovery related to a special appearance. *Exito*, 142 S.W.3d at 304-07. These actions did not qualify as general appearances because they did not invoke the judgment of the court on any question other than the court's jurisdiction, implicitly recognize by actions that the action was properly pending, or seek affirmative action from the court. *Id.* at 304. In contrast, Uflex filed an answer that did not challenge

9

jurisdiction.  Unlike the defects and other filings in *Dawson-Austin* and *Exito*, an answer that fails to challenge personal jurisdiction is a recognition by act that the action is properly pending.  Indeed, an answer is a textbook example of a general appearance.  *Morris*, 894 S.W.2d at 862.

As to Uflex's contention that the "special exceptions" in its answer are adjacent to a challenge to personal jurisdiction and therefore indicate that it was challenging jurisdiction, that argument is unavailing.  First, as Uflex concedes in its reply, special exceptions are governed by Texas Rules of Civil Procedure 90 and 91, whereas special appearances challenging jurisdiction are governed by Texas Rule of Civil Procedure 120a. (*See* D.E. 13 at 4).  Unlike Rules 90 and 91, Rule 120a includes several specific requirements to file a special appearance, including that it be done in a sworn motion and prior to, or contemporaneously with, a motion to transfer venue or any other plea, pleading or motion.  The rules are not the same procedural vehicles and stating a special exception under Rules 90 and 91 is not the same as filing a special appearance under Rule 120a.  To be sure, Uflex is correct that its special exception regarding Pena's failure to identify the product he intends to litigate is potentially related to personal jurisdiction because of the application of the stream-of-commerce test in the jurisdiction analysis.  *See, e.g., Ainsworth*, 716 F.3d at 177.  However, this special exception could also potentially support, among other things, a motion to dismiss for failure to adequately plead under Rule 8 or for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[2]  In short,

---

[2] Texas law includes similar dismissal provisions.  *See, e.g.,* Tex. R. Civ. P. 91a.

this special exception, standing alone, does not explicitly or implicitly indicate that Uflex was challenging personal jurisdiction.

To the extent Uflex uses *Dawson-Austin* and *Exito* to argue that the failure to challenge personal jurisdiction is a defect that could merely be cured under Rule 120a(1), the cases do not stand for that proposition. The cases and the language of Rule 120a(1) do not indicate that a defendant's filing of a general appearance can later be cured by stating that they meant to instead file a special appearance, otherwise the requirement to make a special appearance before a general appearance would be rendered meaningless. Instead, the cases indicate that deficiencies within a special appearance, such as the failure to file the special appearance as a sworn motion, may be cured. *Dawson-Austin*, 968 S.W.2d at 319, 321-22. Notably, even to the extent that Uflex's answer could have been construed as a special appearance, it was not sworn in accordance with the requirements of Rule 120a(1) and Uflex did not seek to cure that defect. (*See* D.E. 1-9). Moreover, the fact that the answer was not a sworn motion is a further indication that it was *not* intended to be a special appearance because it is another example of Uflex's failure to apply any of the requirements of Rule 120a to the filing. In short, there is no indication from the contents or form of Uflex's answer that it was attempting to file a special appearance challenging personal jurisdiction. Instead, it filed a general appearance.

Finally, Uflex's reliance on federal law is misplaced. Prior to removal, Uflex was subject to state law and the state law requirements for challenging personal jurisdiction. *See Plantbikes*, 2013 WL 3753949, at *3. As discussed, Uflex waived its challenge to

personal jurisdiction in state court before removal.  The cases that Uflex cites in its reply do not dispute, or even address, the waiver of a right under state law in state court prior to removal.  Further, Uflex's citation to the time to file an amended answer under Federal Rule of Civil Procedure 15 is a red herring given the procedural history of this case.  Uflex did not file an amended answer, but rather a motion to dismiss.  Uflex contends that this distinction is meaningless because its motion to dismiss ends with boilerplate language requesting "any other relief to which it is entitled," which Uflex argues should be construed as a request that the motion be viewed as a constructive amendment to its answer.  (D.E. 13 at 5-7).  Uflex has cited no authorities in support of such a construction.  In short, if Uflex intended to file an amended answer, it could have done so.  Instead, it filed a motion to dismiss seeking to raise a defense that was not included in its answer and which, even applying the federal rules, was required to be filed before its answer.  *See* Fed. R. Civ. P. 12(b)(2) (stating that a motion asserting lack of personal jurisdiction must be made before pleading if a responsive pleading is allowed).  Because Uflex has never sought to amend its answer, any further analysis of whether such an amended answer could have cured its waiver in state court would be hypothetical.  *See, e.g.,* Fed. R. Civ. P. 12(h)(1) (noting that a challenge to personal jurisdiction is waived if it is neither made in a motion nor included in a responsive pleading or in an amendment allowed under Rule 15 as a matter of course).

### III.  RECOMMENDATION

Accordingly, it is recommended that Uflex's motion to dismiss (D.E. 3) be **DENIED**.

Respectfully submitted on January 25, 2023.

                                _____

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).