**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **GUILLERMO PENA** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 2:22-cv-00228** |
| | § | |
| **WAYPOINT MARINE, INC.** | § | |
| **AND UFLEX USA, INC.** | § | |

**PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **GUILLERMO PENA**, referred to herein as Plaintiff, complaining of **WAYPOINT MARINE INC. AND UFLEX USA, INC.**, hereinafter called Defendants, and for cause of action shows the following:

## II. JURISDICTION AND PARTIES

1. **DEFENDANT UFLEX USA, INC**. removed this case from Kleberg County to Federal court alleging jurisdiction pursuant to 28 USC § 1333.

2. Plaintiff, **GUILLERMO PENA** is an individual residing in Jim Wells County, Texas. The last three digits of the Plaintiff's social security number are 436.

3. Defendant **WAYPOINT MARINE INC.** is a corporation formed and existing under the law of the State of Texas**.** No further service is necessary.

4. Defendant, **UFLEX, USA, INC.**, is a company duly formed and existing under the laws of the State of Florida. No further service is necessary.

### III.  STATEMENT OF FACTS

5.          On or about August 30, 2020, Plaintiff Guillermo Pena was operating a 21-foot Shoalwater boat in Baffin Bay, Kleberg County, Texas when the boat's hydraulic steering manufactured by Uflex, USA, Inc. and repaired by Waypoint Marine malfunctioned resulting in an accident where Plaintiff was thrown from the boat.

6.          Twelve (12) months prior to the accident, Waypoint Marine Inc. had the boat in for repairs/maintenance.  While the boat was being repaired, Waypoint personnel indicated to Plaintiff the steering mechanism was not functioning correctly and recommended a repair. Waypoint Marine completed the repair of the steering components prior to the accident.

7.          Plaintiff asserts the Uflex's defective steering mechanism and/or in combination with the subsequent defective repair by Waypoint caused a critical threaded connector bolt in the steering linkage to fail and back out from vibrations during operation. Upon the threaded bolt's failure, the Plaintiff's boat lost control causing him to be thrown overboard. As a result, Plaintiff suffered severe physical injuries and damages and has incurred medical bills.

### IV.       CAUSES OF ACTION

### A.  WAYPOINT MARINE NEGLIGENCE

8.          The occurrence described in this petition is the direct and proximate result of the negligence of Defendant, **WAYPOINT MARINE INC.  WAYPOINT MARINE INC.** Waypoint negligently installed the steering system in violation of proper guidelines/instructions/methods and/or negligently repaired the steering mechanism and proximately caused the accident and Plaintiff's damages.

9.          **WAYPOINT MARINE INC**.'s negligent installation/repair to Plaintiff's boat subjected Plaintiff to a foreseeable and unreasonable risk of harm. Specifically, Defendant failed to install the steering mechanism correctly, and/or Defendant negligently failed to inspect all the steering components included the threaded connecting bolt for wear/damage,

and/or Defendant did not follow manufacturer installation and/or repair instructions and replaced the parts with inadequate replacements for the repair so that the steering mechanism's threaded bolt component failed, causing the accident and Plaintiff's injuries.

10.     Each of the above and foregoing acts and/or omissions of Defendant taken singularly or in combination, constitutes negligence which proximately caused Plaintiff's injuries and damages alleged herein.

### B. UFLEX USA, INC.'S NEGLIGENCE, DESIGN, MANUFACTURING AND MARKETING DEFECTS

11.     In combination with Waypoint's negligence and/or alternatively, **UFLEX USA, INC.** negligently designed, manufactured and /or failed to provide proper warnings and/or instructions regarding the potential for the hydraulic steering linkage threaded bolt connector to fail and back out during foreseeable operation of the boat. As detailed in the following paragraphs, these failures created an unreasonable risk of harm to the users of the steering system as the failure of the threaded bolt would foreseeably be catastrophic during boat operation. Further, inexpensive thread locking materials would have provided a safer and inexpensive alternative design.  Defendant had knowledge of the defective threaded bolt connector design but did nothing to warn consumers or others regarding the dangers. These failures were the proximate cause of the harm to Plaintiff and his damages.

12.     A marketing defect occurs when a Defendant knows or should know of a potential risk of harm presented by a product but markets it without adequately warning of the danger or providing instructions for safe use.   In this steering mechanism, the threaded connector bolt in the steering linkage backed out on the threads from vibrations during normal and foreseeable operation because it was only held in position by a small 4-point crimp at the end that failed to adequately secure the bolt.  Such threaded connector bolt could have easily been held in place by more consistently secure and inexpensive means, e.g. Loctite

or a nylon insert/fastener.  Defendant failed to warn of this potential catastrophic defect despite knowledge that it could occur.  Even a product which is safely designed and manufactured may be unreasonably dangerous as marketed because of a lack of adequate warnings or instructions. *See e.g.*, *Malek v. Miller Brewing Co.*, 749 S.W.2d 521, 522 (Tex. App.--Houston [1st Dist.] 1988, writ denied).

13.      The risk of injury is inherent in the use or may arise from the intended or reasonably anticipated use;  **UFLEX USA, INC.** should have reasonably foreseen the risk of injury the time the steering system was marketed; The steering system is defective in that the provided instructions do not specify accurate installation/repair requirements and have no warning for installers/repair technicians and customers about the dangers of the steering linkages threaded bolt backing out and what to check for.  This lack of warning about a potential catastrophic bolt failure renders this steering device unreasonably dangerous to the ultimate user or consumer of the product; and the failure to do so was the proximate cause of Plaintiff's damages.

14.      Additionally, **UFLEX USA, INC.'s** steering system had a manufacturing and/or design defect.   The steering system mechanism had a critical bolt/connecting rod catastrophically fail while under foreseeable operating conditions and said failure renders it unreasonably dangerous. *See e.g.*, *BIC Pen Corp. v. Carter*, 346 S.W.3d 533, 540 (Tex. 2011)  The threaded connector bolt in the steering linkage backed out on the threads from vibrations during normal operation because it was only held in positions by a small 4 point crimp at the end that failed to secure the bolt.  Such threaded connector bolt could have easily been held in place by more consistently secure means such as Loctite or a nylon

insert/fastener. These items are commonly used in manufacturing and are inexpensive to use and would have made for a more secure connection and safer alternative design.

15.     The critical steering system threaded bolt component failed and backed out of the threads in the steering linkage under foreseeable use by Plaintiff. The defectively designed and/or manufactured component created an unreasonably dangerous risk of harm because any failure of that component would foreseeably cause the boat to be uncontrollable at speed. The improper design and/or manufacturing defect of that component proximately caused the accident and the damages to Plaintiff.

### V. DAMAGES

16.     As a direct and proximate result of the occurrence made the basis of this lawsuit and the conduct of the Defendants, Plaintiff Guillermo Pena suffered severe injuries to his shoulder, face, teeth, neck and body generally. Therefore, Plaintiff seeks to recover those damages provided by law which include, but are not limited to, the following:

a).     Reasonable medical care and expenses in the past which were incurred by Plaintiff for the necessary care and treatment of injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in South Texas;

b).     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c).     Physical pain and suffering in the past;

d).     Physical pain and suffering which will, in reasonable probability, be sustained in the future;

e).     Physical impairment in the past;

f).     Physical impairment which, in all reasonable probability, will be suffered in the future;

g).     Mental anguish in the past; and

h).     Mental anguish which, in all reasonable probability, will be suffered in the future.

17.     In addition to those items of damages set forth above, Plaintiff seeks all other damages to which he may be entitled, all of which have a reasonable pecuniary value within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $1,000,000.00.

## VI.  PRAYER

18.      WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and upon trial, Plaintiff has:

  a.  Judgment against the Defendants for actual and special damages suffered by Plaintiff as a result of Defendant's conduct in an amount within the jurisdictional limits of the Court;
  b.  Pre-judgment and post-judgment interest provided by law;
  c.  Costs of Court; and
  d.  Such other and further relief to which Plaintiff may be justly entitled.


                                        RESSPECTFULLY SUBMITTED,


                                         **WEBB CASON, P.C.**
                                        710 Mesquite Street
                                        Corpus Christi, Texas 78401
                                        Telephone:     (361) 887-1031
                                        Facsimile:      (361) 887-0903


                                        /s/ Stephen J. Chapman_____
                                        STEPHEN J. CHAPMAN
                                        Federal ID No. 32677
                                        State Bar No. 24001870
                                        steve@wcctxlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this the __**24th**__ day of ***July 2023***, to all counsel of record as follows:

***<u>Via eService:</u>***

Mr. C. Douglas Wheat                          dwheat@wom-law.com
Wheat Oppermann, PLLC
848 Heights Boulevard
Houston,Texas 77007
Attorneys for Waypoint Marine

Christopher Lowrance                          Chris.lowrance@roystonlaw.com
Royston, Rayzor, Vickery & Williams, L.L.P.
802 N. Carancahua, Suite 1300
Corpus Christi, TX  78470
Attorneys For Defendant Uflex Usa Inc


                                             <u>/s/ Stephen J. Chapman</u>
                                             Stephen J. Chapman